```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
```

ALDO TUR, #76833-004                                         PETITIONER

VS.                       CIVIL ACTION NO. 5:14-cv-00112-DCB-MTP

DEPARTMENT OF HOMELAND SECURITY                              RESPONDENTS
– Immigration and Customs Enforcement
and BARBRA WAGNER, Warden

<u>ORDER ADOPTING REPORT AND RECOMMENDATIONS</u>

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation (docket entry 12), to which no objections were filed by the Petitioner. Having carefully reviewed the Report and Recommendation, and applicable statutory and case law, the Court finds and orders as follows:

## I. Background

Petitioner Aldo Tur ("Tur") was sentenced in the United States District Court for the Southern District of Florida on December 22, 2006, after being convicted for, <u>inter alia</u>, possession with intent to distribute 50 or more marijuana plants. On November 25, 2014, Petitioner filed this habeas action denouncing an immigration detainer held against him by the United States Immigration and Customs Enforcement ("ICE"). <u>See</u> Petition (docket entry 1). Tur repeats this same challenge in his second filed petition. <u>See</u> Petition (docket entry 3). Tur argued in his third habeas action that the "Public Safety Factor" of "Deportable Alien"

1

placed on him by the Bureau of Prisons ("BOP") erroneously prevented him from being transferred. See Amended Writ (docket entry 4 at 6-9).

Petitioner argues that the BOP has wrongfully (1) prohibited him from being placed in a minimum security prison, (2) prohibited him from participating in a residential drug abuse program ("RDAP"), (3) prohibited him from participating in a residential reentry center ("RRC"), (4) prohibited him from being transferred to a facility closer to his family, (5) prohibited him from being reunited with his family at the earliest possible time, and (6) prohibited him from participating in Federal Prison Industries ("FPI"). See Amended Writ (docket entry 4 at 3-4). Further, Tur claims that his incarceration at the Adams County Correctional Center ("ACCC") contravenes the letter and spirit of Program Statement 8120.02, Ch. 5, p. 6 and that this constitutes a violation of his constitutional rights, specifically the rights afforded by the Due Process Clause. See Amended Writ (docket entry 4 at 6-9).

## II. Magistrate Judge's Recommendations

Magistrate Judge Parker entered his Report and Recommendation on December 16, 2016, wherein he considered Tur's petition under 28 U.S.C. § 2241. The Magistrate Judge recommends that the relief sought in the Petition for Writ of Habeas Corpus (docket entries

1, 3, and 4) be denied and that this case be dismissed with prejudice. See Report and Recommendations (docket entry 12 at 8).

The Magistrate Judge concludes that the Court lacks jurisdiction to address Petitioner's immigration detainer because Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2241. Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003); Lewin v. Thompson, 996 F.2d 305 (5th Cir. 1993) ("Although [an Immigration and Naturalization Service ("INS")] detainer may affect [petitioner's] status and classification in prison, he is not in custody of the INS for habeas purposes."); see also Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988) (filing of an immigration detainer against a Cuban serving a sentence for narcotics violations was "insufficient" to alter an alien's status as a "custodial detainee" and, thus he could "not challenge the detainer by way of habeas corpus.")

In considering the allegations relating to the BOP Public Safety Factors set forth in Tur's third petition (docket entry 4), the Magistrate Judge views them to be improperly brought in a habeas corpus petition. A habeas corpus matter emanates when the action challenges the fact or duration of an inmate's confinement. Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). Alternatively, an inmate's challenge to the conditions of confinement is properly pursed as a civil rights challenge under

Section 1983 or Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1997). Confusion arises when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody. Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997). In the Fifth Circuit, if a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit. Id. Because Tur has failed to allege that any favorable determination would entitle him to a speedier release, he is not entitled to pursue his claims under Section 2241.

Furthermore, Judge Parker finds that Petitioner has not asserted a violation of a constitutionally protected right entitling him to relief pursuant to Bivens.[1] Petitioner's requests that he be transferred to a facility where he would have an opportunity to participate in certain programs and receive benefits. He further claims that the refusal to transfer him constitutes a violation of his rights afforded by the Due Process Clause. However, the BOP's decision to classify Petitioner as a "Deportable Alien," despite the fact that he may not be deported,

---

[1] Bivens, 403 U.S. 388 (1971).

4

does not give rise to a constitutional claim. See e.g., Perez v. Lappin, 672 F. Supp. 2d 35 (D.D.C. 2009) (holding that a "Deportable Alien" Public Safety Factor as applied to a Cuban did not violate the petitioner's constitutional rights or violate the Administrative Procedures Act); see also Phuong Dong Duong v. Martin, 2014 WL 1665012, at *2 (S.D. Miss. April 25, 2014)(holding that petitioner's security classification of "Deportable Alien" did not implicate any constitutional interest).

The petitioner also argues that he was deprived of liberty without due process because the BOP refused to transfer him to another facility. A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). The protections of the Due Process Clause do not extend to every adverse or unpleasant condition experienced by an inmate. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Prisoner classification and eligibility for rehabilitative programs in the federal system do not automatically activate a due process right. Moody v. Daggett, 429 U.S. 78, 88 (1976). Moreover, classification and ineligibility do not impose an atypical and significant hardship. Becerra v. Miner, 248 F. App'x 368, 370 (3rd Cir. 2007). It is well settled that inmates do not have a constitutionally protected right to serve a

5

sentence in any particular institution. <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir. 1996).

### III. Order

Finding no objection by the Petitioner and having reviewed the Report and Recommendation for plain error, the Court is satisfied that Magistrate Judge Parker has issued a thorough opinion. Accordingly,

IT IS HEREBY ORDERED that the undersigned ADOPTS Magistrate Judge Parker's recommendation as the findings and conclusion of this Court;

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (docket entries 1, 3, and 4) is DENIED;

IT IS FURTHER ORDERED that the Petition is DISMISSED WITH PREJUDICE.

A Final Judgment dismissing the Petition with prejudice will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 5th day of June, 2017.

                                             /s/ David Bramlette  
                                             UNITED STATES DISTRICT JUDGE